*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MARY LAVERTY,                       :
                                    :
                         Plaintiff, :   Civil Action No. 18-1323 (FLW) (TJB)
                                    :
            v.                      :
                                    :   OPINION
COX ENTERPRISES, INC., et al.,      :
                                    :
                        Defendants. :
_____ :

**WOLFSON, United States District Judge:**

Before the Court is a motion to dismiss filed by Defendant Cox Enterprises, Inc. ("CEI"), seeking dismissal of Plaintiff Mary Laverty's ("Plaintiff") Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff brought suit against CEI and its alleged subsidiary Cox Automotive, Inc. d/b/a Autotrader ("CAI") (collectively, with CEI, "Defendants"), for employment discrimination, asserting the following claims: (1) discrimination and retaliation based on age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"); (2) discrimination and retaliation based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (3) discrimination and retaliation based on disability, age, and sex in violation of the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:-5-1, *et seq.* ("NJLAD"); and (4) retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

For the following reasons, the Court lacks personal jurisdiction over CEI, and, therefore, its motion to dismiss is granted, and all claims against CEI are dismissed.

1

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a New Jersey resident who worked remotely for CAI from her home office in New Jersey, before being terminated in February 2017.[1] Compl. at ¶¶ II.1, 3, 64. CAI is a Delaware corporation with a principal place of business in Atlanta, GA, *id.* at ¶ II.5, and is a wholly-owned subsidiary of CEI, which is also a Delaware corporation with its principal place of business in Atlanta. *Id.* at ¶ II.6. Plaintiff brings suit against Defendants for wrongful termination due to a pattern of discrimination and retaliation based on a Plaintiff's sex, age, and for exercising her right to protected medical leave. *Id.* at ¶ I.1.

Although Plaintiff never worked for CEI, she attempts to establish personal jurisdiction over the company by contending that CAI is a mere instrumentality of CEI and that both companies share and exercise control over the work and/or working conditions of CAI's employees, including Plaintiff. *Id*. at ¶¶ II.8, 10. In support, Plaintiff attaches as exhibits to her opposition brief screenshots of the following pages from CEI's website:[2] 1) The "About Us" and "History" sections of the website, stating, "[t]hrough our major divisions—Cox Communications, Cox Automotive and Cox Media Group—we lead in the communications, automotive and media industries," and that "Cox Enterprises employs approximately 55,000 employees in 300 separate businesses," ECF No. 15, Ex. A; 2) The front page of the CAI's website, which includes marketing language regarding CAI's automotive business, *id.*, Ex. B; 3) A short biography of the President and CEO of CEI, Alex Taylor, which states that "he is

---

[1] CEI contends that Plaintiff misunderstands the corporate structure of the entities named in the Complaint. According to CEI, CAI and Autotrader are two separate companies, and Plaintiff, in fact, worked for Autotrader, and not CAI. However, at the motion to dismiss stage, I am bound by the allegations in the Complaint, and so will accept that Plaintiff was employed by CAI.

[2] Although Plaintiff has failed to attach these exhibits to an affidavit or declaration, which violates the Federal Rules of Civil Procedure, the Court will nonetheless consider the proffered evidence, since dismissal is warranted even based on these submissions.

responsible for the company and its three major subsidiaries: Cox Communications, Cox Automotive and Cox Media Group," *id.*, Ex. C; 4) A "Jobs at Cox" page that indicates that CEI and its affiliates share some hiring policies, *id.*, Ex. D; and 5) A web page indicating that applicants can apply to jobs at New Jersey Cox affiliates, including CAI, through CEI's website. *Id.*, Ex. E.[3]

Plaintiff brought this employment discrimination suit on January 30, 2018, asserting one count each under the ADEA, Title VII, the NJLAD, and the FMLA. On June 28, 2018, Autotrader, Inc. answered the Complaint, asserting that Plaintiff had misidentified it as CAI, but not contesting this Court's jurisdiction. On the same day, CEI filed the present motion to dismiss due to lack of personal jurisdiction.

## II. LEGAL STANDARD

To withstand a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendant by a preponderance of the evidence. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *see Cerciello* v. *Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (noting that the plaintiff "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper.") (citation omitted). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is

---

[3] Defendant also includes affidavits and exhibits in support of its argument that jurisdiction is lacking. However, since the Court did "'not hold an evidentiary hearing ..., the plaintiff[ ] need only establish a prima facie case of personal jurisdiction,'" so the Court is bound only to consider Plaintiff's Complaint and supporting evidence. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004)).

3

entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, to meet its burden, the plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id*. at 101 (citation and internal quotation marks omitted). If the plaintiff meets this burden, "the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *see* Fed. R. Civ. P. 4(e). In assessing whether personal jurisdiction exists, the Court's analysis is twofold: "[t]he court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction; if so, the court must then satisfy itself that the exercise of jurisdiction comports with due process." *Display Works*, 182 F. Supp. at 172. "Since New Jersey's long-arm statute allows 'the exercise of personal jurisdiction to the fullest limits of due process,' [the Court must] 'look to federal law for the interpretation of the limits on in personam jurisdiction.'" *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)).

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). In *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945), the Supreme Court held that a state may authorize its

4

courts to exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316 (citation omitted). "Following *International Shoe*, 'the relationship among the defendant, the forum, and the litigation . . . became the central concern of the inquiry into personal jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

## III. **DISCUSSION**

Plaintiff argues that this Court has both general and specific jurisdiction over CEI. With regard to general jurisdiction, Plaintiff contends that CEI, although neither incorporated nor headquartered in New Jersey, has "continuous and systematic contacts" with the state, or, in the alternative, has an alter ego relationship with CAI, which does not contest jurisdiction. With regard to specific jurisdiction, Plaintiff argues that because CAI engaged in suit-related conduct in New Jersey, CEI, as an alter ego, is also subject to jurisdiction.

### A. **General Jurisdiction**

"There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 F. App'x 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1559 (3d Cir. 1994)). For a corporation, the "paradig[m] ... bases for general jurisdiction" are its place of incorporation and principal place of business. *Daimler AG*, 571 U.S. at 137 (internal quotations omitted). However, while a corporation may also be subject to general jurisdiction in a forum other than where it is incorporated or has its principal place of business, such circumstances are "exceptional" and only appropriate when the following condition is met: the corporation's "affiliations with the State in

which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Id.* at 122 (quoting *Goodyear*, 564 U.S. at 919).

As an initial matter, CEI, which is undisputedly incorporated in Delaware with its principal place of business in Georgia, fails to meet the paradigmatic basis for general jurisdiction under *Daimler*. In order to establish general jurisdiction, then, Plaintiff first argues that this is an "exceptional case" due CEI's supposedly extensive contacts with New Jersey that render it at home in the state. In support of this argument, Plaintiff has proffered evidence from CEI's website that, at most, shows CEI and its subsidiaries, including CAI, employ an undisclosed portion of their over 50,000 nationwide employees in New Jersey, and that it "targets and solicits" potential employees in the state. These limited employment relations that Plaintiff cites, standing alone, fall far short of the "continuous and systematic" affiliations with New Jersey required to find that CEI is subject to general jurisdiction in New Jersey. *See, e.g.*, *Oliver v. Funai Corp., Inc.*, No. 14–4532, 2015 WL 9304541, at *8 (D.N.J. Dec. 21, 2015) (concluding that the presence of a employees of a large corporation in New Jersey and funneling of products through New Jersey was not enough to convey general jurisdiction); *E. Coast Test Prep, LLC v. Allnurses.com, Inc.*, No. 15-3202, 2015 WL 12781605, at *3 n.3 (D.N.J. Aug. 28, 2015) (finding that presence of employees in New Jersey was insufficient to confer general jurisdiction); *McCourt v. A.O. Smith Water Prods. Co*., No. 14–221, 2015 WL 4997403, at *3 (D.N.J. Aug. 20, 2015) (finding no general jurisdiction over corporation that leased two office spaces in New Jersey and had a small percentage of New Jersey employees). *See also Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 980-81 (N.D. Cal. 2016) (finding no general jurisdiction despite plaintiff's contentions that pharmacy chain "solicits employees in California"). As *Daimler* cautioned, "[a] corporation that operates in many places can scarcely

be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20. Yet, taken to its logical conclusion, Plaintiff's argument would subject CEI to general jurisdiction in each state in which one of its subsidiaries operates, which, according to Plaintiff's own evidence, is close to, if not all 50 states. ECF No. 15, Ex. E at 18-19 (listing states in which CEI entities have available jobs). CEI, therefore, does not have "continuous and systematic" contacts sufficient to render it at home in New Jersey.

Plaintiff next attempts to show that general jurisdiction is appropriate under an alter ego theory.[4] Whether the exercise of jurisdiction over a parent corporation is proper under the alter-ego theory depends upon the details of the unique relationship between the parent corporation and its subsidiary. "The parent-subsidiary relationship itself is not sufficient to establish in personam jurisdiction over the parent entity." *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 317 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012); *see also Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805–06 (3d Cir. 1981) (remarking on factors relevant for jurisdictional analysis between a parent and a subsidiary), *abrogated on other grounds*, *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993); *Carfagno v. Ace, Ltd.*, No. 04–6184, 2005 WL 1523530, at *6 (D.N.J. June 28, 2005) (same). In New Jersey, a subsidiary will be deemed to be the alter ego or "mere instrumentality" of its parent if "the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent." *State, Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983) (citations omitted). "It is patently clear since *Ventron* that in New Jersey even the exercise of significant

---

[4] As CAI is likewise neither incorporated nor headquartered in New Jersey, it is unlikely that general jurisdiction exists over CAI sufficient to render the alter ego theory applicable. Neither party has briefed the issue, however. Regardless, even were CAI subject to general jurisdiction, as discussed below, the alter ego theory clearly fails.

control by the parent over the subsidiary will not suffice to pierce the corporate veil." *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988).

Courts consider factors such as: "(1) the level of capitalization of the subsidiary; (2) who the subsidiary does business with other than the parent; (3) the day-to-day involvement of the parent's directors, officers and personnel with the subsidiary; and (4) the payment of the subsidiary's salaries and expenses by the parent." *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 610 (D.N.J. 2004) (citations omitted); *see also Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 513 (D.N.J. 2008) (citations omitted). Liability generally requires that the parent corporation "abused the privilege of incorporation by using the subsidiary to perpetuate a fraud or injustice, or otherwise to circumvent the law." *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 88–1407, 1988 WL 92460, at *6 (D.N.J. Sept. 6, 1988), *aff'd*, 878 F.2d 1446 (Fed. Cir. 1989) (citing *Ventron*, 468 A.2d at 164).

Rather than addressing these factors, Plaintiff again merely points to the same website printouts, which, according to Plaintiff, show that CEI "funnels" its entire automotive business through CAI; that CEI is responsible for the corporate functions of the Cox Family Entities, including CAI; that it employs some of its over 50,000 employees, including CAI employees, in New Jersey; and that CEI recruits prospective employees on behalf of CAI for employment in New Jersey. The website language that Plaintiff relies on, however, plainly fails to show that CEI is the alter ego of CAI. The page purportedly showing that CEI "funnels" its automotive business through CAI—whatever that may mean—consists of banal marketing language about CAI's automotive business; but that CAI is CEI's automotive subsidiary does not show that CEI has any involvement in the business. Nor do any of the exhibits show that CEI is "responsible" for the corporate functions of CAI. In support of this argument, Plaintiff merely attaches a short

8

biography of CEI's president, Alex Taylor, stating that *he* is responsible for the company and its three major subsidiaries. But sharing of officers or directors amongst parents and subsidiaries is not sufficient to establish that CAI is an alter ego of CEI. *See Leo v. Kerr–McGee*, No. 93–1107, 1996 WL 254054, at *6 (D.N.J. May 10, 1996) (citing *Patent Incentives*, 1988 WL 92460, at *7) (noting that even "[a] significant degree of overlap between directors and officers of a parent and its subsidiary does not establish an alter ego relationship"). Finally, Plaintiff has cited no case holding that a parent company having some vague involvement in a subsidiary's employment decisions has an alter ego relationship with its subsidiary.[5] In sum, Plaintiff relies on general corporate and marketing statements that vaguely touch on the relationship between CEI and CAI. As a court in this district has noted in a similar context, "[a]ccepting Plaintiffs' position would extend the alter ego doctrine, such that entities utilizing the same brand, website, and policies would be imputed as alter egos, without demonstrating" that any of the *Seltzer* factors support a finding of an alter ego relationship. *Horowitz v. AT&T Inc.*, No. 17-482, 2018 WL 1942525, at *9 (D.N.J. Apr. 25, 2018). Accordingly, because Plaintiff has not shown that CEI "so dominated [CAI] that it had no separate existence but was merely a conduit for the parent," her alter ego theory must fail. *Seltzer*, 339 F. Supp. 2d at 610 (citing *Ventron,* 468 A.2d at 164).

Thus, because CEI is not "at home" in New Jersey, and because CAI is not an "alter ego" of CEI, this Court lacks general jurisdiction over CEI.

### B. Specific Jurisdiction

---

[5] The case that Plaintiff does cite—*Williams v. Ranger Am. of the V.I. Inc.*, 14-0017, 2016 WL 7238805 (D.V.I. Dec. 13, 2016)—is not controlling and is distinguishable. There, the court found that an alter ego relationship existed when the plaintiff provided evidence sufficient to infer that the parent corporation actually *controlled* the hiring and firing decisions of its subsidiary. *Id.* at *3. Here, Plaintiff merely presents evidence that applicants can apply to jobs at CAI through CEI's website, a fact immaterial to whether CEI controls CAI's employment decisions.

9

In the absence of general jurisdiction, a plaintiff may rely on specific jurisdiction where the cause of action is related to, or arises out of, the defendant's contacts with the forum. *IMO Indus., Inc.*, 155 F.3d at 259 (citation omitted). In that connection, establishing specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe*, 326 U.S. at 320).

Plaintiff's argument in support of specific jurisdiction rests on the supposed alter ego relationship between CEI and CAI: because CAI, by allegedly wrongfully terminating Plaintiff in New Jersey, engaged in suit-specific conduct in the forum state, so too did CEI, which allegedly controls CAI's operations. However, as set forth above, the relationship between CEI and CAI is not, as Plaintiff contends, so "integral and intertwined" as to render CEI Plaintiff's employer. In that regard, Plaintiff has not sufficiently alleged that CAI is an alter ego of CEI such that CAI's actions can be imputed onto its parent company. There are, therefore, no allegations that the suit arises out of, or relates to, any activities of CEI in New Jersey. Accordingly, the Court also lacks specific jurisdiction over CEI.

### C. Jurisdictional Discovery

In an effort to avoid dismissal of CEI, Plaintiff, at the conclusion of her brief, tacks on a request for jurisdictional discovery in order to determine the full extent of CEI's contacts with

New Jersey. The Supreme Court has advised that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). In general, courts within the Third Circuit permit jurisdictional discovery "unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Additionally, the Third Circuit has instructed that "jurisdictional discovery [is] particularly appropriate where a defendant is a corporation." *Rocke v. Pebble Beach Co.*, 541 Fed.Appx. 208, 212 (3d Cir. 2013). Nonetheless, jurisdictional discovery is not warranted unless the plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state ....'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Mellon Bank*, 960 F.2d at 1223). Thus, a plaintiff may not "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *see Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n. 38 (3d Cir. 2015) ("[J]urisdictional discovery is not available merely because the plaintiff requests it.").

Here, Plaintiff has not presented factual allegations that warrant jurisdictional discovery. To that end, the Court has already found that the only forum contacts identified by Plaintiff (some vague involvement in CAI's employment decisions in New Jersey) fall woefully short of the sort of continuous and systematic contacts needed to deem CEI "at home" in New Jersey, and are unrelated to the claims at issue in this suit. And, while Plaintiff argues generally that, "[w]ithout the benefit of formal discovery, Plaintiff is unable to fully uncover the extent of CEI's contacts with New Jersey," ECF No. 15 at 6, Plaintiff concedes that CEI is a Delaware

11

corporation with its principal place of business in Georgia, and has not alleged any other specific facts demonstrating that CEI may have additional contacts in New Jersey. Accordingly, because Plaintiff has failed to allege with any particularity facts suggesting that either general or specific personal jurisdiction may exist over CEI with respect to the claims at issue in this case, the Court finds that jurisdictional discovery would be futile, and Plaintiff's request is denied. *See Malik*, 710 Fed.Appx. at 565 (affirming the District Court's denial of jurisdictional discovery, where the plaintiff "did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite contacts between appellees and the forum state to warrant jurisdictional discovery"); *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 Fed.Appx. 119, 120 (3d Cir. 2017) (affirming denial of request for jurisdictional discovery, where "jurisdictional discovery would have been futile.").

### D. Leave to Amend

As with her request for jurisdictional discovery, Plaintiff makes a last-ditch effort to avoid dismissal of CEI by including a bare, conclusory request for leave to amend at the end of her brief. ECF No. 15 at 11 ("[*I*]*n lieu* of a dismissal of CEI for lack of personal jurisdiction, the Court should grant Plaintiff leave to amend her Complaint because justice so requires that Plaintiff be afforded the opportunity to correct any deficiencies contained therein as may be determined by the Court."). This request, "lacking a statement for the grounds for amendment and dangling at the end of [her] memorandum, [does] not rise to the level of a motion for leave to amend.'" *Ramsgate Court Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

Without having been provided a proposed amended complaint or at least a description of how amendment would confer personal jurisdiction, this Court has "nothing upon which to exercise its discretion" to permit a curative amendment. *See id.* (citing *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)); *see also Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (finding no error in the district court's decision to deny Plaintiff's motion to amend its complaint where it "made only a general request for leave to amend and did not identify how amendment would confer personal jurisdiction over [the defendant]"). Therefore, Plaintiff's last-gasp request for leave to amend is denied.

## IV. CONCLUSION

For the foregoing reasons, as this Court lacks personal jurisdiction over CEI, CEI's motion to dismiss is granted, and CEI is dismissed from the case.

Dated: January 29, 2019    /s/ Freda L. Wolfson
                           Hon. Freda L. Wolfson
                           United States District Judge