**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **MARY LAVERTY** | : | |
| Long Beach Twp., NJ  08008 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 18-1323** |
| | : | |
| **COX AUTOMOTIVE, INC.** | : | |
| 6205 Peachtree Dunwoody Road | : | |
| Atlanta, GA  30328 | : | |
| | : | |
| and | : | |
| | : | |
| **AUTOTRADER.COM, INC.** | : | |
| 6205 Peachtree Dunwoody Road | : | |
| Atlanta, GA  30328 | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| | : | |

## <u>AMENDED COMPLAINT</u>

## I.  <u>INTRODUCTION</u>

Plaintiff, Mary Laverty ("Plaintiff"), brings this action against her former employers, Cox Automotive, Inc., and AutoTrader.com, Inc. (collectively "Defendants"). Following a pattern of discrimination and retaliation based on a Plaintiff's sex, age and her complaints of same, and for exercising her right to protected medical leave, Defendants terminated Plaintiff's employment on February 17, 2017, after over 16 years of excellent performance and customer service. After filing Charges of Discrimination with the EEOC against Defendants, Plaintiff was given an unwarranted negative performance evaluation, denied commissions earned, placed on a performance improvement plan, and subsequently terminated at the age of 53—just 9 days after Defendants became aware of the filing of Plaintiff's third Charge of Discrimination.

Plaintiff asserts claims of discrimination and retaliation against Defendants in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:-5-1 *et seq.* ("NJLAD"). Plaintiff also asserts a claim of retaliation against Defendants in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff seeks all damages, including economic loss, compensatory, liquidated and punitive damages, her attorney's fees and costs, and all other available relief under applicable federal and state law as this Court deems appropriate.

## II.   PARTIES

1.      Plaintiff is a female individual and citizen of the State of New Jersey.

2.      At all times material hereto, Plaintiff was over the age of forty (40).

3.      At all times material hereto, Plaintiff worked remotely from her home office, located in the State of New Jersey.

4.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the statutes which form the bases of this matter.

5.      Defendant Cox Automotive, Inc., is a Delaware corporation with a principal place of business located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

6.      Defendant Autotrader.com, Inc., is a Delaware corporation with a principal place of business located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

7.      Defendants are engaged in an industry affecting interstate commerce and, at all relevant times, has regularly conducted business in the State of New Jersey.

8.      At all times material hereto, Defendants acted as "employers" within the meaning

of the statutes which form the bases of this matter.

9.     At all times material hereto, Defendants each employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's primary reporting office in Atlanta, GA.

10.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11.     At all times material hereto, Defendants employed at least twenty (20) individuals.

12.     Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during her last twelve (12) months period of employment and at the time she last went on an FMLA leave.

III.     **JURISDICTION AND VENUE**

13.     The causes of action which form the bases of this matter arise under the ADEA, Title VII, the FMLA, and the NJLAD.

14.     The District Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), in that the Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, and 28 U.S.C. § 1331, in that Plaintiff has alleged violations of federal law.

15.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a).

16.     The District Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a).

17.     The District Court has jurisdiction over Count III (FMLA) pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a).

18.     The District Court also has jurisdiction over Count IV (NJLAD) pursuant to 28 U.S.C. § 1367(a).

19.     Venue is proper in the District Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

20.     On or about October 6, 2016, Plaintiff filed her first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein (the "First Charge"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of the First Charge.

21.     On or about February 7, 2017, Plaintiff filed her second Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein (the "Second Charge"). Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of the Second Charge.

22.     On or about February 28, 2017, Plaintiff filed her third Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein (the "Third Charge"). Attached hereto, incorporated herein, and marked as Exhibit C is a true and correct copy of the Third Charge.

23.     On November 1, 2017, the EEOC issued a Notice of Right to Sue to Plaintiff for the First Charge, Second Charge, and Third Charge.

24.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.  **FACTUAL ALLEGATIONS**

25.     Defendants hired Plaintiff in or around September of 2000 as an Advertising Consultant.

26.     Throughout her tenure at Defendants, Plaintiff exhibited excellent performance and customer service.

27.     In 2003, Plaintiff was named the best salesperson in the country by Defendants.

28.     In or about September of 2015, Defendants announced that Plaintiff would be reporting directly to David Mauger ("Mauger") (male, 43),[1] District Sales Manager, as of October 1, 2015.

29.     Plaintiff began reporting to Mauger on or about October 1, 2015.

30.     Plaintiff was the oldest Advertising Consultant reporting to Mauger.

31.     At the time that Plaintiff reported to Mauger, Plaintiff was warned about Mauger by another female employee who previously reported to him, who said that she felt that Mauger targeted her for termination due to her sex.

32.     On or about October 6, 2015, six days after becoming Plaintiff's supervisor, Mauger gave Plaintiff a verbal warning purportedly due to the cancellation of a client account and issues with her "overall performance."

33.     Immediately after Plaintiff began reporting to Mauger, she was subjected to harsher treatment than her male and younger co-workers. For example:

  a.     Plaintiff's younger male co-worker, Oric Cortez ("Cortez") (male, 45), Advertising Consultant, did not receive a verbal warning although he suffered a larger amount of customer cancellations in the same month as Plaintiff;

  b.     another one of Plaintiff's younger male co-workers, Vincent Lotito

---

[1] All ages herein are approximations.

("Lotito") (male, 42), Advertising Consultant, failed to meet his sales goal for November of 2015, but was not subjected to any disciplinary action; and

     c.     on or about November 16, 2015, at a team meeting, Mauger repeatedly disregarded Plaintiff's input and suggestions in favor of male and younger team members and isolated her from the group.

34.     In or around early, January of 2016, Plaintiff received a negative annual performance evaluation from Mauger that unfairly criticized her 2015 performance, including penalizing her for a lack of sales while she was out on protected FMLA leave in the spring of 2015.

35.     Between October 1, 2015 and December 31, 2015, Mauger interfered with efforts to meet her annual goals and earn commissions, including, but not limited to, by refusing to approve several customer deals negotiated by Plaintiff.

36.     On or about March 3, 2016, without prior any notice or warning, Mauger informed Plaintiff that he was reassigning one of her client accounts to Brittney Thieme ("Thieme") (female, 27).

37.     On or about April 6, 2016, at her request, Plaintiff met with Mike Tegtmeyer ("Tegtmeyer") (male, 40), Regional Sales Director, and Mauger regarding her ongoing concerns of Mauger's persistent harassment, micromanagement, and unwarranted criticism of Plaintiff.

38.     At the April 6, 2016 meeting, Plaintiff was informed that she would begin reporting to Cindy Sherman ("Sherman") (female, 44), Philadelphia District Sales Manager, beginning on May 1, 2016.

39.     Although Plaintiff began reporting to Sherman, Plaintiff had one outstanding deal that required her to continue to work with Mauger, but he hindered Plaintiff efforts to close the

outstanding deal and earn any commissions on the sale.

40.     On June 3, 2016, as a result of work-related stress, Plaintiff began a six-week FMLA leave.

41.     On July 13, 2016, Plaintiff's doctor extended her FMLA leave for another six-weeks until August 25, 2016.

42.     In advance of Plaintiff's return to work, Sherman scheduled a meeting with Plaintiff on August 24, 2016, to discuss her return.

43.     During the August 24, 2016 meeting, Sherman expressed resentment that Plaintiff had taken FMLA leave.

44.     In the August 24, 2016 meeting, Sherman questioned why Plaintiff did not communicate with her during Plaintiff's FMLA leave and told Plaintiff that she "left [Sherman] high and dry."

45.     In the August 24, 2016 meeting, Sherman repeatedly questioned Plaintiff regarding the nature of her FMLA leave and asked Plaintiff if she suffered "a nervous breakdown."

46.     In the August 24, 2016 meeting, Sherman informed Plaintiff that she "could be fired at any time."

47.     Upon Plaintiff's return to work, Plaintiff was subjected to retaliation and a hostile work environment.

48.     After Plaintiff returned to work from her FMLA leave, Defendants transferred Plaintiff's customer accounts to other team members.

49.     After Plaintiff returned to work from her FMLA leave, Defendants required Plaintiff to perform tasks not required of other employees who did not take FMLA leave.

50.    After Plaintiff returned to work from her FMLA leave, Defendants required that Plaintiff send her presentations to Sherman prior to every client meeting.

51.    After Plaintiff returned to work from her FMLA leave, Defendants required access to Plaintiff's work calendar.

52.    After Plaintiff returned to work from her FMLA leave, Defendants prohibited Plaintiff from meeting with clients outside of scheduled appointments.

53.    After Plaintiff returned to work from her FMLA leave, Defendants required Plaintiff to email another team member, Steve Ryan (male, 38), for pricing before submitting offers to clients.

54.    On September 27, 2016, Plaintiff sent an email to Mai White ("White" ) (female, 50), HR Business Partner, requesting a meeting with White, Tegtmeyer and Sherman complaining of the retaliation she was experiencing since returning to work from her FMLA leave.

55.    On or about October 4, 2016, Plaintiff was informed by Defendants that she would not receive any commissions for the month of September.

56.    On October 6, 2016, Plaintiff filed the First Charge with the EEOC.

57.    On or about October 11, 2016, Defendants became aware that Plaintiff had filed the First Charge.

58.    Subsequently, on December 19, 2016, Plaintiff received an unwarranted negative performance evaluation from Defendants.

59.    On January 20, 2017, Plaintiff received an email from Sherman unjustly criticizing Plaintiff's work performance and informing her that she was being placed on a 30-day performance improvement plan (PIP).

60.     On February 2, 2017, Plaintiff filed the Second Charge with the EEOC.

61.     On or about February 3, 2017, Defendants became aware that Plaintiff had filed the Second Charge.

62.     On February 17, 2017, at a meeting with Sherman and White, Defendants terminated Plaintiff's employment, effectively immediately.

63.     On February 27, 2017, Plaintiff filed the Third Charge with the EEOC.

64.     Defendants' stated reason for terminating Plaintiff was a failure to meet job expectations.

65.     As of the time of her termination, Plaintiff had exceeded the requirements of the PIP and was adequately performing her job duties and responsibilities.

66.     Defendants' stated reason for terminating Plaintiff's employment was pretext for discrimination and retaliation.

67.     Plaintiff's age was a substantial, motivating, and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which she was subjected and her termination.

68.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which she was subjected and her termination.

69.     Plaintiff's FMLA leave was a motivating factor in Defendants' discriminatory treatment of Plaintiff, including, the hostile work environment to which she was subjected and her termination.

70.     Plaintiff engaged in protected activity by complaining of age and sex discrimination and FMLA retaliation.

71.     Plaintiff's complaints of discrimination and retaliation were a substantial, motivating, and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which she was subjected and her termination.

72.     Defendants failed to prevent or address the harassing and discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing and discriminatory.

73.     Defendants retaliated against Plaintiff for exercising her right to take FMLA leave.

74.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, and the hostile work environment to which she was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

75.     The conduct of Defendants, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment are altered and the working environment is hostile or abusive.

76.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

77.     The conduct of Defendants, as set forth above, was especially egregious and done by and with knowledge of upper management, and warrants the imposition of punitive damages against Defendants.

78.     The conduct of Defendants, as set forth above, was willful and warrants the

imposition of liquidated damages against Defendants.

## COUNT I – ADEA

79.     Plaintiff incorporates herein by reference paragraph 1 through 78 above, as if set forth herein in their entirety.

80.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the ADEA.

81.     Said violations were willful and warrant the award of liquidated damages.

82.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## COUNT II – TITLE VII

85.     Plaintiff incorporates herein by reference paragraphs 1 through 84 above, as if set forth herein in their entirety.

86.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated Title VII.

87.     Said violations were intentional, and with malice and/or reckless indifference to Plaintiff's rights, and warrant the imposition of punitive damages.

88.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

89.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## COUNT III – FMLA

91.     Plaintiff incorporates herein by reference paragraph 1 through 90 above, as if set forth herein in their entirety.

92.     By committing the foregoing acts of retaliation against Plaintiff, Defendants has violated the FMLA.

93.     As a result of Defendants' retaliation against Plaintiff for exercising her right to take leave, Defendants denied Plaintiff her rights under the FMLA.

94.     Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

95.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

96.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until this Court grants the relief requested herein.

13

97.     No previous application has been made for the relief requested herein.

## COUNT IV – NJLAD

98.     Plaintiff incorporates herein by reference paragraph 1 through 97 above, as if set forth herein in their entirety.

99.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the NJLAD.

100.    Members of upper management of Defendants had actual participation in, or willful indifference to, Defendants' wrongful conduct set forth herein.

101.    Said violations were especially egregious and warrant the imposition of punitive damages.

102.    As a direct and proximate result of Defendants' violation of the NJLAD, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

103.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts, and the hostile work environment to which she was subjected unless and until this Court grants the relief requested herein.

104.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of

the ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of Title VII;

(c)    declaring the acts and practices complained of herein to be in violation of the FMLA;

(d)    declaring the acts and practices complained of herein to be in violation of the NJLAD;

(e)    enjoining and permanently restraining the violations alleged herein;

(f)    entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(g)    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)    awarding liquidated damages to Plaintiff under the ADEA and the FMLA;

(j)    awarding punitive damages to Plaintiff under Title VII and the NJLAD;

(k)    awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, the FMLA, and the NJLAD;

(l)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and

(m)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By:     */s/ Fernando I. Rivera*
        FERNANDO I. RIVERA, ESQ.
        110 Marter Ave., Suite 502
        Moorestown, New Jersey 08157

        *Attorneys for Plaintiff*

Dated:  2/26/19

# Exhibit A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q   FEPA<br>X   EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Mary Laverty** | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS ▮▮▮▮<br>**Cinnaminson, NJ  08077** | DATE OF BIRTH<br>▮▮**1964** |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Cox Enterprises**<br>**(CP works out of her home office)** | NUMBER OF EMPLOYEES, MEMBERS<br>**>10,000** | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS<br>**114 Greenbriar Court** | CITY, STATE AND ZIP<br>**Cinnaminson, NJ  08077** | COUNTY<br>**Burlington** |
|---|---|---|

| NAME<br>**SEE ADDITIONAL RESPONDENT INFORMATION ON PAGE 2** | |
|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race    Color   **X Sex**    Religion    National Origin<br>**X Retaliation      X Age    X Disability**    Other | DATE DISCRIMINATION TOOK PLACE<br>**X Continuing Violation** |
|---|---|

**THE PARTICULARS ARE:**

    **A.**

      1.   **Relevant Work History**

    I was hired by Cox Automotive, Inc. ("Cox" or "Respondent"), as an Advertising Consultant in September 2000. Following consistently strong performance, I was promoted to District Sales Manager in September 2006.  In May 2011, I was given an Advertising Consultant position and assigned to a new sales region in Southern New Jersey, where I continue to work today.

    As an Advertising Consultant, I reported to David Mauger, District Sales Manager ("Mauger") (male/43)[1] from October 1, 2015 through April 30, 2016. On May 1, 2016, my direct supervisor became Cindy Sherman, District Sales Manager ("Sherman")(female/44).   Sherman and Mauger report to Michael Tegtmeyer, Regional Sales Director ("Tegtmeyer") (male/40).

| __ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Date:  *Charging Party (Signature)*  10/6/16 | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[1] All ages are approximate based on Charging Party's information and belief.

**EEOC Charge of Discrimination**
Page **2** of **5**

**Additional Respondent Information**

    **Cox Enterprises**
    **3003 Summit Blvd., Suite 200**
    **Atlanta, GA  30319**
    **Phone: 404-568-8000**

    **Cox Automotive, Inc. a subsidiary of Cox Enterprises**
    **3003 Summit Blvd., Suite 200**
    **Atlanta, GA  30319**

    **AutoTrader.com**
    **3003 Summit Blvd., Suite 200**
    **Atlanta, GA  30319**



**EEOC Charge of Discrimination**

Page **3** of **5**

As an Advertising Consultant, I am responsible for maintaining and servicing advertising accounts for numerous car dealers and developing new customer relationships. At all times, I performed the duties of my job in a competent manner.

### 1. Harm Summary

I believe that Respondent has discriminated against me, including subjecting me to a hostile work environment, based upon my age (51), my sex (female) and my "disability," and has retaliated against me based upon my complaints of same. In addition, Respondent has interfered with my rights under the Family Medical Leave Act and retaliated against me for taking medical leave. Evidence of discriminatory and retaliatory conduct includes, but is not limited to, the following:

a) On or about October 1, 2015, Mauger became a District Sales Manager and my direct supervisor. Almost immediately, Mauger singled me out for negative treatment including, without limitation, micromanagement of my daily tasks and unwarranted criticism.

b) I was the oldest Advertising Consultant reporting to Mauger.

c) I was subjected to harsher treatment than my male and/or younger co-workers. By way of example:

   1. On or about October 6, 2015, Mauger met with me for my first one-on-one meeting. At the beginning of the meeting, Mauger issued me an unwarranted verbal warning due to the cancellation of one of my customer accounts and my "overall performance." I had not previously been warned about my performance. Oric Cortez (male/mid-40s)("Cortez"), another Mauger direct report did not receive a similar verbal warning even though he had a larger amount of customer cancellations in that same month.

   2. In November 2015, Vincent Lotito (male/43) did not make his sales goal and did not receive a verbal warning from Mauger.

   3. Mauger disregarded my input in team building events and exercises and isolated me from the group. By way of example only, during a November 6, 2015 District Team meeting, Mauger ignored my efforts to join in team building exercises, drawing the attention of the event's coordinator, who commented on Mauger's disparate treatment of me.

d) In January 2016, I received my annual performance review from Mauger. Though I had been on medical leave for approximately 20% of the prior calendar year, Mauger did not adjust my sales goals for the year to reflect my leave period. As a result, the period that I was out on medical leave, and therefore not working to book sales, was held against me.



**EEOC Charge of Discrimination**

Page **4** of **5**

e) Mauger worked behind the scenes against my efforts to meet my annual goals, refusing to approve several reasonable deals that I proposed. I understood Mauger's efforts to be designed to prevent me from earning commissions.

f) As a result of Mauger's micromanagement, disparate treatment and harsh, unwarranted criticism of me, and efforts to limit my ability to earn commissions, I experienced severe stress and anxiety resulting in trouble sleeping, nausea, headaches, diarrhea and eating problems. As a result of the severe stress and anxiety from the hostile work environment and discriminatory treatment I experienced, I began seeing a therapist.

g) On April 6, 2016, I met with Mauger and Tegtmeyer.  Tegtmeyer informed me Respondent was reorganizing certain sales regions and as a result, I would be reporting to District Sales Manager, Cindy Sherman (female/44/non-disabled), as of May 2016.

h) On May 1, 2016, I began reporting to Sherman.  However, because I had one outstanding deal that fell under Mauger's purview, I was required to continue to work under him if I wanted to earn any commission on that sale. Mauger hampered my efforts to close the deal, and ultimately I was not able to earn any commission on the sale.

i) I complained to Sherman of my "disability" and further explained that the extreme stress and anxiety I was suffering amid Mauger's discriminatory treatment of me was causing me to lose sleep. To the best of my knowledge, Sherman does not have a "disability."

j) On June 1, 2016, I was put on medical leave by my physician because of my "disability" and amid the hostile work environment I had been subjected to because of my age and sex.

k) Upon my return to work on August 24, 2016, I met with Sherman. Sherman was angry that I had taken FMLA leave, telling me I had left her "high and dry." She repeatedly questioned me aggressively regarding the nature of my "disability" and wondered aloud if I had had a "nervous breakdown."  Sherman also told me that it was "all about" her and that she didn't care about my "disability."

l) Since I returned from the FMLA leave required because of my "disability," Sherman has subjected me to harsher treatment than my co-workers who are not disabled. By way of example and without limitation:

　1. Respondent has transferred accounts from my book of business to my younger male teammates, including but not limited to Adam Knowles (35).  This negatively affects my commission and compensation.

　2. Sherman requires me to do tasks that are not required of my younger male teammates, including but not limited to sending my presentations to Sherman prior to every client meeting, prohibiting me from meeting with my clients outside of scheduled appointments, and requiring me to email another team member, Steve Ryan (38) for pricing before offering deals.



**EEOC Charge of Discrimination**

Page **5** of **5**

m) On September 27, 2016, I sent an email to Mai White, HR Business Partner, Northeast Division (F/50's), requesting a meeting with Tegtmeyer and Sherman regarding the retaliation I was experiencing since coming back from my medical leave.

n) Following my complaint of retaliation, on or about October 4, 2016, I was informed by Respondent that I would not receive any commissions for the month of September.

o) I complained about this further retaliation to April Hightower, Senior Manager, Performance Measurement, Finance Administration ("Hightower"). To the best of my knowledge and believe, Hightower manages disputes related to payment of commissions on behalf of Respondent.

**B.      Respondent's Stated Reasons**

a) Respondent has not provided any legitimate reason for subjecting me discriminatory treatment based on my age, sex and "disability."

b) Respondent has not provided any legitimate reason for subjecting me to a hostile work environment due to my age, sex and "disability."

c) Respondent has retaliated against me for taking medical leave.

**C.      Statutes and Basis for Allegations**

Respondent sexually discriminated against me and subjected me to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD"); unlawfully discriminated against me on the basis of my age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 261 et seq. ("ADEA") and the NJLAD; and unlawfully discriminated against me on the basis of my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. and the NJLAD. Respondent has retaliated against me for taking medical leave and interfered with my rights under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").



# Exhibit B

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Mary Laverty | HOME TELEPHONE NUMBER *(Include Area Code)*<br>▉▉▉▉▉ |
|---|---|

| STREET ADDRESS<br>▉▉▉▉▉ | CITY, STATE AND ZIP<br>Cinnaminson, NJ 08077 | DATE OF BIRTH<br>1964 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAMES<br>**Cox Enterprises; Cox Automotive, Inc.; AutoTrader.com** | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(404) 568-8000 |
|---|---|---|
| STREET ADDRESS<br>3003 Summit Blvd., Suite 200 | CITY, STATE AND ZIP<br>Atlanta, GA 30319 | COUNTY<br>DeKalb |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   X Sex   Q Religion   Q National Origin<br>X Retaliation   X Age   X Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  01/20/2017 (ongoing) |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent in or around September 2000 as an Advertising Consultant. I was promoted to District Sales Manager in September 2006. In May 2011, I was given an Advertising Consultant position, which is the position I currently hold. I reported to David Mauger (male, 43ᵃ), District Sales Manager, from October 1, 2015 through April 30, 2016. On May 1, 2016, I began reporting to Cindy Sherman (female, 44), District Sales Manager. I work out of my home office in New Jersey, and my sales region is Southern New Jersey. Mauger and Sherman report to Michael Tegtmeyer (male, 40), Regional Sales Director.

After filing my first Charge of Discrimination with the EEOC, Respondent placed me on a Performance Improvement Plan (PIP). The PIP and Respondent's criticism of my work performance and behavior is retaliation for my complaints of Respondent's discriminatory conduct.

I consistently demonstrate positive performance and dedication to Respondent. I perform my job duties in a competent manner.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

I declare under penalty or perjury that the foregoing is true and correct.

| Date: 2.6.17     Charging Party *(Signature)*:<br><br>*Mary R. Laverty* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

RECEIVED 7 FEB 17 PH 5:14  EEOC PHILADELPHIA DISTRICT OFFICE

ᵃ All ages herein are approximations.

**EEOC Charge of Discrimination**
**Page 2 of 2**
**Initials of Charging Party –** *WK*

RECEIVED

17 FEB -7 PM 5: 14

EEOC PHILADELPHIA

2.     Harm Summary

I have been discriminated against because of my age (52), my sex (female), and my disability, and retaliated against because of my complaints about discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) On October 6, 2016, I filed my first Charge of Discrimination with the EEOC, of which Respondent is aware.

(b) After I filed my first Charge of Discrimination, Respondent conducted an investigation but refused to provide me with a copy of its investigative report.

(c) On December 19, 2016, Respondent held my year-end review. I received a negative review, and Respondent discussed placing me on a PIP. Respondent unjustly criticized my performance, behavior, and attitude.

(d) Respondent scheduled weekly phone calls with me to discuss my "patterns and behaviors."

(e) The PIP has prevented me from obtaining a new position within Respondent.

(f) After I sent an email to Respondent, detailing Respondent's retaliatory actions against me, Respondent placed me on a PIP for a period of thirty (30) days, effective January 20, 2017.

(g) On January 20, 2017, Respondent held a phone call meeting with me, and followed up with an email to me, unjustly criticizing my work performance.

(h) As part of the PIP, Respondent has scheduled me to speak with Sherman and Tegtmeyer by phone on a weekly basis to discuss my progress with Respondent's PIP objectives for me.

(i) The PIP states that, if I fail to meet the overall PIP objectives, or fail to sustain improvement following satisfactory completion of the PIP, Respondent will take further job action up to and including termination of my employment.

B.     1.     Respondent's Stated Reasons

(a)     Respondent has not offered any legitimate explanation for discriminating against me and retaliating against me.

(b)     Respondent has failed to take any action to remedy or prevent the discrimination and retaliation against me.

C.     1.     Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (52), my sex (female), and my "disability," and retaliated against me because of my complaints about discriminatory conduct in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.

# Exhibit C

| **THIRD CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q   FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Mary Laverty** | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|
| STREET ADDRESS ▆▆▆▆ | CITY, STATE AND ZIP<br>Cinnaminson, NJ 08077 | DATE OF BIRTH<br>▆▆ 1964 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAMES<br>**Cox Enterprises; Cox Automotive, Inc.; AutoTrader.com** | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(404) 568-8000 |
|---|---|---|
| STREET ADDRESS<br>3003 Summit Blvd., Suite 200 | CITY, STATE AND ZIP<br>Atlanta, GA 30319 | COUNTY<br>DeKalb |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   **X** Sex   Q Religion   Q National Origin<br>    **X** Retaliation   **X** Age   **X** Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*            *Latest* 02/17/2017 |
|---|---|

**The Particulars Are:**

A.    1.      Relevant Work History

I was hired by Respondent in or around September 2000 as an Advertising Consultant.  I was promoted to District Sales Manager in September 2006.  In May 2011, I was given an Advertising Consultant position, which is the position I held until my termination.  I reported to David Mauger (male, 43[a]), District Sales Manager, from October 1, 2015 through April 30, 2016.  On May 1, 2016, I began reporting to Cindy Sherman (female, 44), District Sales Manager.  I worked out of my home office in New Jersey, and my sales region is Southern New Jersey.  Mauger and Sherman report to Michael Tegtmeyer (male, 40), Regional Sales Director.

After filing my first Charge of Discrimination with the EEOC, Respondent placed me on a Performance Improvement Plan (PIP) and criticized my work performance and behavior.  The PIP and Respondent's criticism of my work performance and behavior is retaliation for my complaints of Respondent's discriminatory conduct.  After filing my second Charge of Discrimination with the EEOC, Respondent terminated my employment.  Respondent's termination of my employment was retaliation for my complaints of Respondent's discriminatory conduct.

I consistently demonstrated positive performance and dedication to Respondent.  I performed my job duties in a competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 2-28-17   Charging Party *(Signature)*:<br><br>*Mary F. Laverty* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] All ages herein are approximations.

**EEOC Charge of Discrimination**
**Page 2 of 2**
**Initials of Charging Party –** *MM*

2.    **Harm Summary**

I have been discriminated against because of my age (52), my sex (female), and my "disability," and have been retaliated against because of my complaints about discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected, in addition to that referenced in my previous Charges, includes, but is not limited to, the following:

(a)   On February 7, 2017, I filed my second Charge of Discrimination with the EEOC, of which I informed Respondent.

(b)   After I filed my second Charge, Sherman treated me in a cold and hostile manner.

(c)   I sent several emails to Respondent, complaining about Respondent's discriminatory and retaliatory conduct toward me.

(d)   On February 17, 2017, Sherman asked me to meet her and Mai White, Human Resources Business Partner, at a hotel lobby.

(e)   At the meeting, Sherman informed me that, because I did not meet expectations, Respondent is terminating my employment.

(f)   I was terminated on the spot, effective immediately.

(g)   I was the only employee terminated on February 17, 2017.

(h)   Respondent did not provide any explanation, including the selection criteria, as to why I was terminated while the younger and/or male and/or non-disabled and/or non-complaining comparators were retained.

(i)   Respondent has not taken action to remedy or prevent the hostile work environment to which I have been subjected because of my age and/or sex and/or disability and/or complaints about Respondent's discriminatory conduct.

B.    1.    **Respondent's Stated Reasons**

(a)    Respondent has not offered any legitimate explanation for discriminating against me and retaliating against me, including subjecting me to a hostile work environment.

(b)    Respondent has not offered any explanation for failing to take any corrective action to remedy or prevent the discrimination and retaliation against me.

(c)    Respondent's stated reason for my termination, that I did not meet expectations, is pretext for unlawful discrimination and retaliation.

C.    1.    **Statutes and Bases for Allegations**

I believe that Respondent has discriminated against me based on my age (52), my sex (female), and my "disability," and retaliated against me because of my complaints about discriminatory conduct in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.

## <u>CERTIFICATE OF SERVICE</u>

I, Fernando I. Rivera, Esquire, hereby certify that a true and correct copy of the foregoing has been electronically filed this 26th day of February, 2019, and is available for viewing and downloading from the Court's Electronic Case System (ECF) system. A copy of the foregoing has been served on the following counsel of record via the ECF system:

Lindsay M. Sorin, Esquire
Rachel A. Seaton, Esquire
LITTLER MENDELSON, P.C.
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, New Jersey 07102
LSorin@littler.com
RSeaton@littler.com

Russell Jones, Esquire
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326
RAJones@littler.com

*Attorneys for Defendants*


**CONSOLE MATTIACCI LAW, LLC**

BY:     */s/ Fernando I. Rivera*
FERNANDO I. RIVERA
101 Marter Ave., Suite 502
Moorestown, New Jersey 08057
Phone: (215) 545-7676
Direct Fax: (215) 754-4938
Rivera@consolelaw.com

Dated: February 26, 2019                    *Attorneys for Plaintiff*